The opinion of the Court was delivered by
Fenner, J.
The Relator heroin seeks, by mandamus, to compel the Recorder of Mortgages to erase and cancel certain inscriptions of taxes due the State, recorded in his books as privileges and mortgages on her property, on the ground that the said privileges and mortgages are prescribed.
It is not disputed that the taxes were secured by a mortgage as well as by a lien and privilege upon Relator’s property, under the express terms of Acts 68 of 1870, and 42 of 1871.
Prescription of both the privilege and mortgage is claimed on two grounds, viz:
1. By virtue of § 36, of Act No. 96 of 1877, which provided that the *179 “privilege and right of pledge ” for taxes should not “ he considered as lasting for a longer period than three years.”
Conceding, arguendo, (what is more than doubtful under the whole terms of the section) that it applied to past taxes, yet it is clear that it does not affect the mortgage by which those taxes were secured. The distinction between mortgages and privilegefe is too .elementary and well understood, for us to extend the plain significance of a statute nominating privileges only, so as to cover and include mortgages also.
2. By virtue of § 24, of Act No. 77 of 1880, which provides that “ all tax mortgages and tax privileges shall be prescribed by three years from the filing of the tax roll.” We consider that this act cannot possibly receive application to either privileges or mortgages for pre-existing taxes, for the reasons: first, from the very language quoted, it appears that the prescription referred t.o only runs from the filing of the tax roll, an act evidently to be done only in the future, and especially regulated in the act, and only having reference to future taxes; second, if intended to apply to past taxes, the provision would evidently be unconstitutional, because not embraced within the title of the Act. That title is: “ To provide an annual revenue for the State of Louisiana, by levying of annual taxes upon all property not exempt by the Constitution from taxation, and prescribing the methpds of assessing and collecting the same, and enforcing the payment thereof.'1'1 This title clearly embraces provisions for future revenue, by the levying thereby, and thereafter of annual taxes and prescribing the methods of collecting and enforcing payment of the same, i. e., of,the taxes so levied. Provisions for liens and mortgages, and fixing the prescriptive terms thereof, might well be considered as germane to the methods of collecting and enforcing payment of the taxes contemplated by the Act; but such provisions, touching anterior taxes, would be entirely foreign to any object either expressed or implied in the title.
These reasons are sufficient to determine the case, without the necessity of solving other questions raised in argument.
It is therefore ordered, adjudged and decreed, that the judgment appealed from be avoided and reversed, and that Relator’s demand be rejected at her cost in both courts.
Rehearing refused.